UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIMPIA VERA GOMEZ,<br>Plaintiff,<br>v.<br>KEVIN MCALEENAN, et al.,<br>Defendants. | Case No. 19-cv-04199-JCS<br><br>**ORDER GRANTING MOTION TO DISMISS AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 16 |

## I. INTRODUCTION

Plaintiff Olimpia Gomez is a national of Mexico who has lived in the United States since 1990. Her severely disabled son, who was twenty years old when this action was filed, is a United States citizen. On April 15, 2019, Gomez filed an application seeking cancellation of removal under 8 U.S.C. § 1229b(b) on the basis that her removal from the United States would result in "exceptional and extremely unusual hardship" to her son, who is unable to care for himself. Complaint ¶ 5. In a decision dated May 28, 2019, an immigration judge found that Gomez was "statutorily eligible" for such relief when the application was filed but reserved decision because the yearly cap that has been placed on visas for those eligible for relief under § 1229b had been reached and there were no visas available. Complaint, Ex. 2 (May 28, 2019 Order of the Immigration Judge); *see also* 8 U.S.C. § 1229b(e)(1) (placing cap of 4,000 visas per fiscal year for individuals granted cancellation of removal under Section 1229b); 8 C.F.R. § 1240.21(c)(1). The immigration judge placed Gomez in the "queue" for applicants who qualify for cancellation of removal but for whom visa numbers are not available due to the visa cap. Complaint ¶ 1.

Gomez filed an emergency complaint seeking mandamus and declaratory relief. In it, she asked the Court to hold that Defendants' refusal to issue a visa number is arbitrary and capricious,

violates her right to due process under the U.S. Constitution and is contrary to law and applicable regulations. Complaint ¶ 3. She relied on her son's upcoming birthday, when he would turn twenty-one and therefore "age out" as a qualifying relative, to demonstrate exigent circumstances. *Id*. ¶ 2. That date has now passed, however. She alleges that the wait time for a visa to become available through the queue is about eighteen months, and that in the past immigration judges commonly secured visa numbers in cases involving exigent circumstances, such as where a qualifying relative was about to age out, so that these individuals did not need to wait until their names reached the top of the queue. *Id*. ¶ 9. However, under Operating Policies and Procedures Memorandum 17-04, issued on December 20, 2017 ("OPMM 17-04"), immigration judges are no longer permitted to request the issuance of visas, even in exigent circumstances. *Id*.

Presently before the Court is Defendants' Motion to Dismiss ("Motion"), in which Defendants contend the Court should dismiss this action, in its entirety, on the grounds that: 1) this Court does not have jurisdiction over Gomez's complaint; 2) Gomez failed to exhaust her administrative remedies; and 3) Gomez fails to state a claim because she has no legal right to be granted discretionary relief from removal. The Court finds that the Motion is suitable for determination without oral argument and therefore **vacates the hearing set for November 8, 2019 at 9:30 a.m.** pursuant to Civil Local Rule 7-1(b).

## II.     STATUTORY BACKGROUND

Under 8 U.S.C. § 1229b(b), the Attorney General may cancel the removal and adjust the status of an alien who is inadmissible or deportable if the alien meets four criteria: 1) she has been physically present in the United States for a continuous period of ten years preceding the application; 2) she has been a person of good moral character during such period; 3) she has not been convicted of certain offenses; and 4) she establishes that removal would result in "exceptional and extremely unusual hardship" to the alien's United States citizen spouse, parent or child. For the purposes of this provision, an individual must be under twenty-one years of age to be considered a "child." 8 U.S.C. § 1101(b)(1). The relief that is available under § 1229b is limited, however, under subsection (e), which provides, with limited exceptions that do not apply here, that "the Attorney General may not cancel the removal and adjust the status under this

2

section, nor suspend the deportation and adjust the status under section 1254(a) of this title (as in effect before September 30, 1996), of a total of more than 4,000 aliens in any fiscal year." 8 U.S.C. § 1229b(e)(1).

The Department of Justice, Executive Office for Immigration Review ("EOIR") promulgates regulations implementing the cap established by 8 U.S.C. § 1229b(e)(1). As of January 4, 2018, those regulations provide that when the cap has been reached, "further decisions to grant such relief must be reserved until such time as a grant becomes available under the annual limitation in a subsequent fiscal year." 8 C.F.R. § 1240.21(c)(1). Further, the Immigration Court and the Board may "no longer issue conditional grants of suspension of deportation or cancellation of removal." 8 C.F.R. § 1240.21(a)(2). The regulations further state that the availability of relief under 8 U.S.C. § 1229b is determined "according to the date the order granting such relief becomes final." 8 C.F.R. § 1240.21(c). Thus, the regulations establish a "queue" for the 4,000 visas that are issued each year.

## III. WHETHER THE COURT HAS JURISDICTION OVER GOMEZ'S COMPLAINT

### A. Contentions of the Parties

In the Motion, Defendants argue that there is no subject matter jurisdiction over Gomez's claims because, pursuant to 8 U.S.C. § 1252(a)(5), exclusive jurisdiction over her claims lies with the Court of Appeals. Motion at 5 (quoting 8 U.S.C. §1252(a)(5) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter,")). According to Defendants, the exclusive jurisdiction of the Court of Appeals encompasses "all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States . . . ." *Id*. at 5-6 (quoting 8 U.S.C. § 1252(b)(9)). Based on §§ 1252(a)(5) and 1252(b)(9), Defendants assert, the Ninth Circuit has found that "*any* issue— whether legal or factual—arising from any removal-related activity can be reviewed only through the [petition for review] process." *Id*. at 6 (quoting *J..E.F.M. v. Lynch*, 837 F.3d 1026, 1031 (9th Cir. 2016) (emphasis in original)).

3

In her Opposition brief, Gomez argues that 8 U.S.C. § 1252(a)(5) does not apply because it covers only final removal orders and here, no removal order has been issued as to Gomez. Opposition at 2. She does not address the implications of 8 U.S.C. § 1252(b)(9). She further asserts that the Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1361 (giving district courts jurisdiction over mandamus actions), 5 U.S.C. § 702 (the Administrative Procedures Act) and 28 U.S.C. § 2201 (creating jurisdiction over claims for declaratory relief). *Id*. at 2. She also argues that "the court has jurisdiction under *Bark v. INS*, 511 U.S. F.2d 1200, 1201 (9th Cir. 1975); *Bangura v. Hansen*, 434 F.3d 487, 493 (6th Cir. 2006); *Lutwak v. United States*, 344 U.S. 604, 733 S.Ct. 481, 97 L.Ed. 593 (1953)." *Id*. at 3.

### 1. Legal Standards Under Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, "federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists" over a given claim. *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (internal quotation marks and citations omitted). Rule 12(b)(1) allows defendants to move to dismiss a claim for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), it is the plaintiff's burden to establish the existence of subject matter jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

A party challenging the court's subject matter jurisdiction under Rule 12(b)(1) may bring a facial challenge or a factual challenge. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "If the defendant brings a facial attack, arguing that the allegations in the complaint are insufficient to demonstrate the existence of jurisdiction, the court's inquiry is much the same as when ruling on a motion to dismiss brought under Rule 12(b)(6)." *Org. for Advancement of Minorities with Disabilities v. Brick Oven Rest.*, 406 F. Supp. 2d 1120, 1124 (S.D. Cal. 2005) (citing Moore's Federal Practice § 12.30). This means the court accepts the factual allegations in the complaint as true. *Miranda v. Reno*, 238 F.3d 1156, 1157 (9th Cir. 2001). Where a defendant brings a factual challenge, on the other hand, "a court may look beyond the complaint to matters of public record

4

without having to convert the motion into one for summary judgment." *White*, 227 F.3d at 1242 (citation omitted).

### 2. Discussion

Under 8 U.S.C. § 1252(a)(5), "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter . . . ." Further, 8 U.S.C. §1252(b)(9), entitled "[c]onsolidation of questions for judicial review" states as follows:

> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9). The Ninth Circuit has explained that these judicial review provisions were adopted in 1996 "to make perfectly clear 'that only courts of appeals—and not district courts—could review a final removal order,' that 'review of a final removal order is the only mechanism for reviewing any issue raised in a removal proceeding,' and that the statute was 'intended to preclude all district court review of any issue raised in a removal proceeding.'" *J.E.F.M. v. Lynch,* 837 F.3d at 1034 (quoting H.R. Rep. No. 109–72, at 173).

The court in *J.E.F.M. v. Lynch* found that the language used in § 1252(b)(9) was drawn directly from a recent Supreme Court case, *McNary v. Haitian Refugee Center*, in which the "the [Supreme] Court offered a blueprint for how Congress could draft a jurisdiction-channeling statute that would cover not only individual challenges to agency decisions, but also broader challenges to agency policies and practices." *Id*. (citing *McNary v. Haitian Refugee Ctr., Inc*., 498 U.S. 479, 487 (1991)). In *McNary,* a group of asylum seekers from Haiti sought to challenge in district court the way the Immigration and Naturalization Service was administering the Special Agricultural Worker ("SAW") amnesty program, governed by provisions of the Immigration Reform Control Act. 498 U.S. at 483. The Court held that under the governing statute, the district court had

jurisdiction to "hear a challenge to INS practices and policies because the statute channeled only individual—not wider policy—claims through the [petition for review] process." *J.E.F.M. v. Lynch*, 837 F.3d at 1034 (citing *McNary*, 498 U.S. at 494). It noted that Congress could have enacted a broader provision if it had intended to channel such cases to the Court of Appeals by using broader language: "Congress could, for example, have . . . channel[ed] into the Reform Act's special review procedures 'all causes . . . arising under any of the provisions' of the legalization program. It moreover could have . . . referr[ed] to review 'on all questions of law and fact' under the SAW legalization program." *McNary*, 498 U.S. at 494. Because the language of the provisions Congress subsequently enacted "neatly tracks the policy and practice jurisdiction-channeling language suggested in *McNary*," the Ninth Circuit concluded that "§§ 1252(a)(5) and 1252(b)(9) channel review of all claims, including policies-and-practices challenges, through the [petition for review] process whenever they 'arise from' removal proceedings." *J.E.F.M. v. Lynch*, 837 F.3d at 1035.

In *J.E.F.M.*, the Ninth Circuit further explained that § 1252(b)(9) has "built-in limits." *Id.* at 1032. In particular, because this section channels only questions "arising from any action taken or proceeding brought to remove an alien," it excludes from the petition for review process "claims that are independent of or collateral to the removal process." *Id.* "[T]he distinction between an independent claim and indirect challenge turns "'on the substance of the relief that a plaintiff is seeking.'" *Martinez v. Napolitano*, 704 F.3d 620, 622 (9th Cir. 2012) (quoting *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011)). In *Martinez*, the plaintiff brought an action in a federal district court under the Administrative Procedures Act, asserting that the Board of Immigration Appeals ("BIA") decision to deny his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") was arbitrary and capricious. 643 F.3d at 621. The Ninth Circuit held that the district court did not have jurisdiction, rejecting the plaintiff's argument that his claim was independent from the removal proceeding on the basis that "it [was] simply another attempt to obtain judicial review of his removal order." *Id.* at 622. The court further held that "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of

removal, it is prohibited by section 1252(a)(5)." *Id*. at 623.

Here, Gomez argues that her complaint is not governed by 8 U.S.C. § 1252 because a removal order has not yet been issued. However, she does not point to any authority in support of her argument. She also fails to address the Ninth Circuit authority discussed above holding that § 1252 is not limited to challenges to final removal orders but extends to claims that challenge agency procedures that are "inextricably linked" to an order of removal. As Gomez asks the Court to grant relief that will have the effect of negating an order of removal, should one be issued, the Court concludes that her challenge to the policy that governs the issuance of visas under 8 U.S.C. § 1229b(b) must be brought in the Court of Appeals. The Court further notes that none of the cases cited by Gomez in her Opposition brief in support of the existence of jurisdiction in this court (listed above) addresses the question of district court jurisdiction under 8 U.S.C. § 1252.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS the Motion on the basis that it does not have jurisdiction over this action. Accordingly, the Court DISMISSES this case without prejudice.

**IT IS SO ORDERED.**

Dated: November 5, 2019

JOSEPH C. SPERO
Chief Magistrate Judge